EASTERN DIST.

January, 1839.

BARON'S WIDOW
AND HEIRS
vs.
HODGE.

A special act of congress granting a tract of land within certain defined and precise boundaries, is equivalent to a patent, and will hold the land against any previous claims not located or fixed by precise boundaries.

---

BARON'S WIDOW AND HEIRS *vs.* HODGE.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

An insolvent succession, the administration of which is refused, or will not be accepted by the beneficiary heirs, their agent, tutor, or curator, may be surrendered to the creditors, who are authorized to appoint syndics to administer thereon.

So, where the widow and tutrix of the minor children provoked the meet-

EASTERN DIST.

*January*, 1839.

BARON'S WIDOW
AND HEIRS
*vs.*
HODGE.

ing of creditors of the insolvent estate of her deceased husband, abandoned the administration, and appeared in the *concurso*, and voted for syndics ; *Held*, that she was thereby precluded from making any opposition to the proceedings previously had in the matter.

"This is an opposition on the part of Laure Bringier, widow of N. A. Baron, jr., to the confirmation and homologation of a sale made to Andrew Hodge, of certain property of the estate of the deceased, for the many grounds set forth in the opposition.

The opposition is made by the widow, as the tutrix of her minor children, the legal heirs of said Baron, their father ; she appears as plaintiff in reconvention, and demands that said sale be cancelled, for the causes set forth in her petition, and claims of said Hodge the sum of twenty thousand dollars, damages, for the illegal detention of the property by Hodge, and for the rents and profits thereof.

Andrew Hodge, in answer to the petition of the said tutrix, denies the allegations contained in her opposition, and prays for a judgment in his favor, against Mrs. Baron personally, for her vexatious interference herein.

The proceedings in the succession, and the evidence adduced on the trial of the present opposition, show that L. M. Reynaud, and Laure Bringier, the widow of N. A. Baron, were the testamentary executors of the deceased, and have acted in that capacity up to the 10th February, 1835, when their functions having expired, they informed the court, by petition, that owing to the late pressure and pecuniary distress of the country, it has been impossible to sell, without a sacrifice, the immoveables left by the deceased, in order to liquidate the estate ; that most of the debts of the estate have been paid by the late firm of Baron, jr., & Co., who are, by reason thereof, creditors of the estate in a large sum of money ; that, besides this large sum, the succession has other debts, the amount of which exceeds the value of the unsold property of the estate ; that they are unable to give the bond and security required by law, should their administration be continued one year longer ; that none of the persons entitled by law to the administration of the estate, are

EASTERN DIST. willing to accept of the same; that under such circum-
January, 1839. stances they are advised to call upon the court, to convene a
BARON'S WIDOW meeting of the creditors of the estate, a list of whom, so far
AND HEIRS    as known, was annexed to their petition, etc.
    vs.
HODGE.           The court, by their decree of the 10th February, 1835,
ordered the said meeting before Felix Grima, notary public,
on the 16th day of March, 1835; the creditors then and
there met, and appointed François Gardère their syndic;
And Laure Bringier appeared at the said meeting, as a
creditor of the deceased, and voted for the said Gardère as
syndic.

The proceedings before the court, from the opening of the
succession to the present controversy, indicate none of those
errors or informalities that should determine the court to
maintain the present opposition to the confirmation and
homologation of the sale, made by the syndic of the creditors
of the deceased, to Andrew Hodge.

It is, therefore, ordered, adjudged and decreed, that the
same be overruled and dismissed."

From this judgment, the plaintiffs in the opposition
appealed.

*Hennen,* and *I. W. Smith,* for the appellants, contended,
that from the moment of the decease of Baron, the right of
ownership and possession of all the property in question
vested in his heirs. Actual acceptance of an inheritance is
no longer necessary; it is presumed by law. *Civil Code of*
1808, *page* 162, *articles* 73, 74. *Amendments, pages* 114, 115.
*Louisiana Code,* 934, 943, 1007, 1010, 1011. 2 *Louisiana
Reports,* 303. *Locré Legislation Civile, pages* 180 181, 252.
*Pothier Traité dès Successions, chapter* 3, *section* 3. 4 *Toullier,
numbers* 79, 88.

2. The proceedings of the creditors are void, because if
the executors were authorized to provoke the meeting, they
supplied the place of syndics, and should have administered
the estate as an insolvent succession, if there was evidence
of its being such. But no proof of insolvency was made,
and for this reason the proceedings are void. *Louisiana Code,*

EASTERN DIST.
January, 1839.

BARON'S WIDOW
AND HEIRS
vs.
HODGE.

1663, 1166.  *Code of Practice*, 1038.  2 *Louisiana Reports*, 48.  2 *ibid.*, 148.  4 *ibid.*, 382.  6 *Martin, N. S.*, 586.

3. The vote of the tutrix at the meeting of creditors was illegal, because her interest was opposed to that of the minor heirs, who could only be legally represented by the under tutor.  *Louisiana Code*, 301.  3 *Louisiana Reports*, 146.  It was illegal, because the rights of the appellants, as creditors of their father, were extinguished by confusion at his decease. *ibid.*, 2014.

4. The acts of the tutrix at the meeting of the creditors could not affect the rights of the appellants, because she was not cited, nor was she authorized to act upon their title to the property in question, and because they are creditors only. *Louisiana Code*, 334, 2265.  4 *Louisiana Reports*, 484, 498.

*L. Peirce, contra.*  The act of 1826 requires syndics to be appointed, when no person will act as administrator.  The plaintiff herself averred the insolvency of the estate, and required a meeting of the creditors.

2. They were summoned, met, and deliberated, and none offered to act, or required any other or further proceedings. The plaintiff, as the largest creditor, and as tutrix, voted for the syndic, and pointed out the time and manner of selling the estate, which were followed by the syndic.

*Bullard, J.*, delivered the opinion of the court.

This is an appeal from the judgment of the Court of Probates overruling the opposition of the appellant to the homologation of a sale under the authority of that court, the purchasers having proceeded by monition under the statute of 1834.

Various grounds of opposition, and nullity in the proceedings were set up, but by an explicit waiver of record, most of them have been abandoned.  The parties submit to this court only the questions, whether it was competent for the creditors to appoint a syndic to administer the estate of Baron, and whether the appellant is barred by her own appearance at the *concurso*.

An insolvent succession, the administration of which is refused or will not be accepted by the beneficiary heirs, their

EASTERN DIST.
*January*, 1839.

agent, tutor, or curator, may be surrendered to the creditors, who are authorized to appoint syndics to administer thereon.

So, where the widow and tutrix of the minor children provoked the meeting of creditors of the insolvent estate of her deceased husband, abandoned the administration, and appeared in the *concurso* and voted for syndics: *Held*, that she was thereby precluded from making any opposition to the proceedings previously had in the matter.

The succession was clearly insolvent, and it appears to us to come under the provisions of the 7th section of the " act of 1826, entitled an act supplementary to an act entitled an act relative to the voluntary surrender of property, etc.," which provides, that when a succession shall have been accepted under benefit of inventory, and neither the beneficiary heirs, their agent, tutor, or curators, will accept the administration, it may be surrendered to the creditors, who are authorized to proceed and appoint a syndic. In the present case, the appellant, who was tutrix of the minor children, provoked the meeting of the creditors, and abandoned the administration. The same rules relative to the administration by syndics in ordinary cases of surrender, apply to successions thus abandoned.

The appellant not only surrendered the administration and provoked a meeting of the creditors, but she appeared at the *concurso*, and voted for syndic, and we are of opinion that she is thereby precluded from making any opposition to the proceedings previously had in the premises.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.